UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LESANN MCENROE,<br><br>    Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>    Defendant. | No. CV-09-5053-LRS<br><br>**ORDER GRANTING DEFENDANT MICROSOFT CORPORATION'S MOTION TO DISMISS CERTAIN OF PLAINTIFF'S CLAIMS** |

THIS MATTER came before this Court on the Motion To Dismiss Certain of Plaintiff's Claims, Ct. Rec. 15, filed by defendant Microsoft Corporation. The Court has considered the parties' submissions in support of and in opposition to the motion to dismiss, and it has concluded that certain of plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted.

First, plaintiff's claim for "Blacklisting," Pl. Compl. at 2; *see also id*. ¶¶ 155-158, fails because RCW 49.44.010 is a criminal statute that provides no private right of action or civil remedy. Moreover, plaintiff's allegations, even when taken as true, do not constitute a violation of RCW 49.44.010. Plaintiff concedes that there is no private right of action. Plaintiff has therefore failed to state a claim upon which relief can be granted, and the claim must be dismissed. Fed. R. Civ. P. 12(b)(6).

Second, plaintiff's claim for "Criminal Conspiracy," Pl. Compl. at p. 2; *see also id*. ¶¶ 159-163, fails for similar reasons. RCW 9A.28.040 is a criminal statute

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS-1**

that provides no private right of action or civil remedy.  Plaintiff concedes there is no private right of action or civil remedy.  Plaintiff, as a result, has failed to state a claim upon which relief can be granted, and the claim must be dismissed.  Fed. R. Civ. P. 12(b)(6).

Third, plaintiff's claim for "Pain and Suffering," Pl. Compl. at 2; *see also id*. at ¶¶ 198-201, fails because "pain and suffering" is an element of damages in torts, not a stand-alone cause of action or claim for relief.  While plaintiff may seek to recover these damages to the extent permitted by law, she cannot bring "pain and suffering" as a separate claim.  Plaintiff concedes this claim for relief is not a stand-alone claim for relief and has failed to state a claim upon which relief can be granted, and the claim must be dismissed.  Fed. R. Civ. P. 12(b)(6).

Fourth, plaintiff's claim for "Intentional Infliction of Emotional Distress," Pl. Compl. at 2; *see also id*. ¶¶ 177-181, fails because reasonable minds could not differ on whether the conduct alleged by plaintiff was sufficiently extreme to result in liability under the Washington case law .  The conduct alleged by plaintiff does not meet the element requiring "extreme and outrageous conduct" to support this claim.  *See, e.g.*, *Dicomes v. State*, 113 Wn.2d 612, 630 (1989).  Plaintiff has failed to state a claim upon which relief can be granted, and the claim must be dismissed.  Fed. R. Civ. P. 12(b)(6).

Fifth, plaintiff's claim for "Conspiracy To Deny Civil Rights," Pl. Compl. at 2; *see also id*. ¶¶ 202-205, fails on at least three independent grounds:  (1) plaintiff has made no allegations of class-based animus because individuals with disabilities do not constitute a "class" within the meaning of § 1985(3); (2) her claim is entirely reliant on and duplicative of her discrimination claims, and, as a result, recovery is not permitted under 42 U.S.C. § 1985(3); and (3) plaintiff has failed to allege any state action, any action under color of state law, or any conspiracy with state officials that would be sufficient to support a discrimination

**ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS-2**

claim brought pursuant to 42 U.S.C. § 1985(3). Plaintiff has failed to state a claim upon which relief can be granted, and the claim must be dismissed. Fed. R. Civ. P. 12(b)(6).

Sixth, plaintiff's claim for "Calumny," Pl. Compl. at 2; *see also id*. ¶¶ 206-210 fails because "Calumny" is not a recognized independent tort in Washington. Plaintiff therefore has failed to state a claim upon which relief can be granted, and the claim must be dismissed. Fed. R. Civ. P. 12(b)(6).

Finally, plaintiff's claim for "the maximum allowed ($300,000.00) in compensatory and punitive damages . . . for each and every of Defendant's violations of the Americans with Disabilities Act," Pl. Compl. ¶ 231, fails because 42 U.S.C. § 1981a caps compensatory and punitive damages per lawsuit, not per claim. As a result, to the extent plaintiff is seeking the statutory maximum in damages under 42 U.S.C. § 1981a with respect to "each and every" alleged violation of the Americans with Disabilities Act, her demand is stricken, and instead, the total compensatory cap demanded is $300,000 for all claims to the extent covered by the statute.

WHEREFORE, it is hereby ORDERED that Defendant Microsoft Corporation's Partial Motion To Dismiss Certain of Plaintiff's Claims, Ct. Rec. 15, is GRANTED in part and denied in part. The following claims shall be DISMISSED WITH PREJUDICE:

(1) plaintiff's claim for "Blacklisting,"

(2) plaintiff's claim for "Criminal Conspiracy,"

(3) plaintiff's claim for "Intentional Infliction of Emotional Distress,"

(4) plaintiff's claim for "Pain and Suffering,"

(5) plaintiff's claim for "Conspiracy To Deny Civil Rights,"

(6) plaintiff's claim for "Calumny," and

(7) plaintiff's demand for "the maximum allowed ($300,000.00) in

**ORDER GRANTING DEFENDANT'S**
**MOTION TO DISMISS-3**

compensatory and punitive damages . . . for **each and every** of Defendant's violations of the Americans with Disabilities Act," is stricken to the extent it seeks more than $300,000 in total recovery under 42 U.S.C. § 1981a.

DATED this 11th day of December, 2009.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
CHIEF U.S. DISTRICT JUDGE

**ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS-4**